IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Casey Stuckey, #297810, | ) | |
|---|---|---|
| | ) | C/A No. 0:09-203-HFF-PJG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND** |
| State of South Carolina; | ) | **RECOMMENDATION** |
| Warden Lee Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The petitioner, Casey Stuckey ("Stuckey"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondents' motion. (Docket Entry 28.) Stuckey filed a response. (Docket Entry 34.) Having carefully considered the parties' submissions and the record in this case, the court finds that the respondents' motion should be granted.

**BACKGROUND**

Stuckey was indicted in April 2001 in Sumter County for assault and battery with intent to kill, possession of a weapon during a violent crime, lynching in the second degree, and kidnapping (01-GS-43-283). (App. at 338-40, Docket Entry 27-4 at 42-44.) On September 5, 2003, the State served and filed a notice of intention to seek a sentence of life without parole. (App. 337, Docket Entry 27-4 at 41.) Stuckey was represented by Lauren B. Ferrari, Esquire, and on November 10 and

12, 2003 was tried by a jury and found guilty of lynching in the second degree and kidnapping.[1] (App. at 228-29, Docket Entry 27-3 at 32-33.) The circuit court sentenced Stuckey to twenty years' imprisonment for lynching in the second degree and life imprisonment without the possibility of parole for kidnapping, both sentences to be served concurrently.[2] (App. at 240-41, Docket Entry 27-3 at 44-45.)

Stuckey appealed his conviction and was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On August 10, 2004, Pachak filed an Anders[3] brief and a petition to be relieved as counsel. (App. at 243-53, Docket Entry 27-3 at 47-57.) In his brief, Pachak raised the following issue:

> Whether the trial court erred in refusing to grant a directed verdict to second degree lynching?

(App. at 246, Docket Entry 27-3 at 50.) On March 10, 2005, the South Carolina Court of Appeals dismissed Stuckey's appeal. (State v. Stuckey, 05-UP-180 (S.C. Ct. App. March 10, 2005), Docket Entry 27-6 at 2-3.) The remittitur was issued on April 13, 2005. (Docket Entry 27-6 at 4.)

Stuckey filed a *pro se* application for post-conviction relief ("PCR") on April 15, 2005. (Stuckey v. State of South Carolina, 05-CP-43-432, App. at 255-63, Docket Entry 27-3 at 59-67.) In his application, Stuckey raised claims alleging ineffective assistance of counsel and prosecutorial

---

[1] Stuckey was acquitted of the charges of assault and battery with intent to kill and possession of a weapon during the commission of a violent crime. (App. at 228, Docket Entry 27-3 at 32-33.)

[2] Because Stuckey had a prior conviction of manslaughter, he was sentenced in accordance with S.C. Code Ann. § 17-25-45.

[3] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

misconduct. (See App. at 257, 262, Docket Entry 27-3 at 61, 66.) The State filed a return on October 3, 2005. (Docket Entry 27-7.) Stuckey, represented by Charles T. Brooks, III, Esquire, filed an amendment to his PCR application on January 12, 2006 in which he re-asserted all of his previous arguments and raised additional issues summarized as follows:

1) Guilty plea was unlawfully induced due to the trial court's lack of subject matter jurisdiction.

2) The Indictment of charges failed to allege the essential elements of the crime allegedly committed by Stuckey.

3) Trial counsel was ineffective for numerous reasons, including by failing to
   a) "ascertain[] that there were proper investigatory techniques;"
   b) investigate a valid alibi;
   c) permit Stuckey to "voice his concerns" in regards to the charges;
   d) move to dismiss the indictment or move for a continuance; and
   e) consult with Stuckey before trial about additional charges.

4) Ineffective Assistance of Appellate Counsel.

(App. at 273-75, Docket Entry 27-3 at 77-79.) On April 7, 2006, the PCR court held an evidentiary hearing at which Stuckey was present and testified. (App. at 276-326, Docket Entry 27-3 at 80 through Docket Entry 27-4 at 30.) The PCR court dismissed Stuckey's PCR application by order filed May 22, 2006. (Supp. App. at 1-8, Docket Entry 27-5 at 3-10.) Specifically, the PCR court ruled that the following grounds were all without merit: (1) that trial counsel was ineffective because she did not (a) discuss plea negotiations or sentencing possibilities with Stuckey; (b) request a continuance, (c) move to quash the indictment, (d) call alibi witnesses, (e) challenge the "hand of one" jury instruction, and (f) allow Stuckey to testify in his own defense; and (2) that appellate counsel was ineffective because he did not make any objections or allow Stuckey to defend himself on the stand. (Id.) Additionally, the PCR court ruled that all of Stuckey's other allegations were waived because Stuckey failed to present sufficient evidence to meet his required burden of proof. (Id.)

Stuckey appealed the dismissal of his PCR application and was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense. On March 27, 2007, Carter filed a Johnson[4] petition for a writ of certiorari and a petition to be relieved as counsel in which she presented the following issue:

> Trial counsel erred in misunderstanding petitioner's position on the state's plea offer in the case.

(Docket Entry 27-8 at 3.) The State filed a letter return on April 3, 2007. (Docket Entry 27-8 at 10.) By order dated January 10, 2008, the South Carolina Supreme Court denied Stuckey's petition for a writ of certiorari. (Docket Entry 27-8 at 11.) The remittitur was issued on January 28, 2008. (Docket Entry 27-8 at 12.)

## FEDERAL HABEAS ISSUES

In Stuckey's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:** Trial court erred in refusing to grant a directed verdict to second degree lynching.
  **Supporting Facts:** A violation of fourteenth amendment due process. I was found not guilty for the principle charge, and found guilt of second degree lynching. It was not enough evidence to prove guilt beyond a reasonable doubt dealing with the existence of the offense. P. 234-235 (Trial Trans.) Inconsistent verdict.

**Ground Two:** Ineffective Assistance of Counsel.
  **Supporting Facts:** For not asking to squash indictment. For not asking to/for continuance. Fell under reasonable standard. Violated 14th Admendment Due Process & Six Admendment effective assistance . . . of counsel. Failure to investigate a valid alibi. Prosecuter misconduct - failure to send material to trial attorney.

**Ground Three:** Prosecuter failed to send material to attorney.
  **Supporting Facts:** Trial transcript. Trail counsel stated that she was never served with Discovery Package. (Page 238 & 239) Line 25-12. How could we prepare fully. PCR hearing transcript she fully does not know for sure.

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).

    (Pg. 32 Line 24). She states - * I belive I prepared this before our meeting.
    (P. 331-7) violation 6th Ad.

  **Ground Four:** Trial counsel erred in misunderstanding Petitioner's position on the States plea offer in the case.
    **Supporting Facts:** The counsel failed to clarify up until the day of trial if I wanted to accept plea offer. App. p. 301, lines 2-4 & App. p. 282 Line 7 - p. 283 Line 11. Violation of Sixth and fourteenth Amendment. Writ of Certiorari.

(See Pet., Docket Entry 1) (errors in original).

## DISCUSSION

**A. Summary Judgment Standard**

  Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

  In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

  The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

*PJG*

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

    **1.     Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*PJG*

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### C. Respondents' Motion for Summary Judgment

#### 1. Procedural Bar

As an initial matter, the respondents allege that all of the Grounds presented in the instant Petition are procedurally barred. However, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Based on the record in this matter, the court deems that, in the interest of judicial economy, it is more efficient to proceed directly to the merits of these claims. See 28 U.S.C. § 2254(b)(2);

*PJG*

Lambrix, 520 U.S. at 525 ("Judicial economy might counsel giving the [habeas claim] priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.").

### 2. Challenges to the Lynching Verdict

In Ground One of his Petition, Stuckey alleges that the trial court erred in refusing to grant a directed verdict to second degree lynching. In support of this assertion, Stuckey argues that there was insufficient evidence to prove him guilty beyond a reasonable doubt. He also alleges that the verdict was inconsistent because he was found not guilty of the principle charge.

Claims of sufficiency of evidence are cognizable on collateral review. However, "a federal court's review of such claims is 'sharply limited.' " Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)). "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-406 (citing Wright, 505 U.S. at 292). The standard of review for sufficiency of the evidence claims in criminal cases is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Stated differently, a petitioner "is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.' " Wilson, 155 F.3d at 406 (quoting Jackson, 443 U.S. at 324)).

At the conclusion of the State's case in Stuckey's trial, Stuckey's counsel moved for a directed verdict on all of the charges. (App. at 169-71, Docket Entry 27-2 at 73-75.) However, Stuckey's Petition only challenges the directed verdict motion with regard to the charge of lynching in the second degree, which is defined as "[a]ny act of violence inflicted by a mob upon the body of

another person and from which death does not result." S.C. Code Ann. § 16-3-220. In trial counsel's argument on the motion for a directed verdict with regard to the charge of second degree lynching, counsel admitted that the victim placed Stuckey at the scene of the crime. However, counsel for Stuckey argued that

> [the victim] does not say that these [defendants] planned this ahead of time. Even by his own admission, only one person is the person that inflicted this violence upon him. It is my understanding lynching involves mob like violence. There was no mob.

(App. at 171, Docket Entry 27-2 at 75.) The court denied counsel's motion for a directed verdict, observing that the South Carolina Code defines a "mob" as "the assemblage of two or more persons, without color or authority of law, for the premeditated purpose and with the premeditated intent of committing an act of violence upon the person of another." S.C. Code Ann. § 16-3-230; (App. at 171, Docket Entry 27-2 at 75.) The trial judge further observed that for the purposes of lynching an assemblage "may form the requisite purpose and intent after they have been assembled, which is the case in this case." (App. at 172, Docket Entry 27-2 at 76.)

A review of the testimony presented at the trial reveals that the victim testified that Stuckey and his co-defendant Bush approached him to take a ride with them and offered him beer if he went with them. (App. at 134, Docket Entry 27-2 at 38.) The victim stated that the three of them drove to another individual's house and that later he became scared and ran away from the house. The victim testified that Bush ran after him, captured him, and pushed him into a car with Stuckey and another co-defendant, Nelson, and the four of them drove off. (App. at 135-38, Docket Entry 27-2 at 39-42.) The victim then stated that the following sequence of events occurred: (1) the defendants discussed where to take him, (2) upon arriving, Stuckey told him to get out of the car and the victim complied, (3) Bush and Stuckey also exited the car, (4) Stuckey told the victim to walk and the victim observed that Stuckey was carrying a gun, (5) after the victim started walking away Stuckey

shot the victim in the back, (6) a second shot was fired, and (7) Stuckey and Co-defendant Bush returned to the car and left. (App. at 138-41, 149-54, Docket Entry 27-2 at 42-45, 53-58.) Co-defendant Nelson also testified at the trial. He stated that while driving, he saw three people walking down the street: Bush, the victim, and a third person. (App. at 164-65, Docket Entry 27-2 at 68-69.) They waved him down and he stopped, picked them up, and drove them to the location they requested. (App. at 165-67, Docket Entry 27-2 at 69-71.)

Based on a review of the evidence and testimony presented at trial, there was evidence presented from which the jury reasonably could have found the petitioner guilty of lynching. The court cannot say that no rational trier of fact could have found proof of guilt beyond a reasonable doubt and Stuckey cannot demonstrate that the court erred in denying the motion for a directed verdict with regard to the charge of lynching in the second degree.

Furthermore, to the extent that Stuckey is arguing that the jury's verdict was inconsistent, such an assertion does not entitle Stuckey to habeas relief. As observed by the trial judge in denying trial counsel's motion for a new trial based on inconsistent verdicts, the South Carolina Supreme Court has specifically rejected a claim of inconsistent verdicts as a basis for setting aside a jury's decision. State v. Alexander, 401 S.E.2d 146, 149-50 (S.C. 1991) (citing United States v. Powell, 469 U.S. 57 (1984)). The United States Supreme Court in Powell discussed the rationale behind and reaffirmed the rule that a defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with a verdict of acquittal on another count. Powell, 469 U.S. 57. Accordingly, Stuckey is not entitled to federal habeas relief on Ground One.

### 3. Ineffective Assistance of Counsel

Stuckey's ineffective assistance of counsel claims are included in Grounds Two and Four. In Ground Two, Stuckey alleges that trial counsel was ineffective in failing to (1) move to quash the

indictment, (2) move for a continuance, and (3) investigate a valid alibi. (Docket Entry 1 at 7.) In Ground Four, Stuckey appears to contend that trial counsel was ineffective in misunderstanding his position on the State's plea offer.

### i. Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

### ii.     Ground Two

In Ground Two, Stuckey alleges that trial counsel was ineffective in failing to (1) move to quash the indictment, (2) move for a continuance, and (3) investigate a valid alibi.[5] He argues that due to these alleged failures, trial counsel's performance fell below the standard of reasonableness. However, Stuckey provides no support for these allegations.

During the PCR hearing, Stuckey testified that he believed trial counsel should have moved to quash the indictment because Stuckey did not see or know about the indictment for lynching and kidnapping until the trial. (App. at 284, Docket Entry 27-3 at 88.) Stuckey also stated that he felt trial counsel should have asked for a continuance because Stuckey believed that they were not ready and the outcome may have been different if he had more time. (App. at 287, Docket Entry 27-3 at 91.) Stuckey further testified that he informed counsel that his brother and his brother's girlfriend were his alibi witnesses and that counsel responded that she would not call them as witnesses because the jury would not believe them. Stuckey also alleged that he had a third alibi witness that he never mentioned to trial counsel. (App. at 285, 294, Docket Entry 27-3 at 89, 98.) However, Stuckey did not present any witnesses during the PCR hearing to support an alibi defense.

In response to these allegations, trial counsel testified that she reviewed the indictments with Stuckey and that Stuckey did not appear to be unaware that he was also charged with kidnapping and lynching. Therefore, trial counsel did not believe there was any issue or reason to move to quash the indictment. (App. at 302, Docket Entry 27-4 at 6.) Trial counsel also stated that she did not believe a motion for a continuance would have been successful due to the age of the case and the fact that

---

[5] Stuckey also alleges in his supporting facts under Ground Two, "Prosecut[o]r misconduct - failure to send material to trial attorney." (Docket Entry 1 at 7.) This allegation does not appear to be a claim of ineffective assistance of counsel, but rather a claim of prosecutorial misconduct, which is more properly discussed under Ground Three.

Stuckey had asked for a speedy trial with prior defense counsel. (App. at 317-18, Docket Entry 27-4 at 21-22.) Further, trial counsel testified that she was prepared and ready for trial. (App. at 319, Docket Entry 27-4 at 23.) With regard to the alibi allegation, trial counsel stated that she did not recall Stuckey ever mentioning that he had an alibi and that if he had, she testified that she would have made the appropriate motion. (App. at 301-02, 317, 322, Docket Entry 27-4 at 5-6, 21, 26.)

The PCR court rejected Stuckey's claims of ineffective assistance of counsel. The PCR court found trial counsel's testimony credible and found that Stuckey's testimony lacked credibility. (Supp. App. at 3, Docket Entry 27-5 at 5.) The PCR court concluded that Stuckey failed to show that a continuance or quashing the indictment would have yielded a different result. (Supp. App. at 5, Docket Entry 27-5 at 7.) The PCR court further concluded that Stuckey failed to demonstrate that he was prejudiced by trial counsel's alleged failure to call alibi witnesses because prejudice cannot be shown where the witnesses do not testify at the PCR hearing. (Supp. App. at 4, Docket Entry 27-5 at 6.) In conclusion, the PCR court held that Stuckey "failed to show that counsel's performance was deficient or that he was prejudiced by counsel's performance." (Supp. App. at 6, Docket Entry 27-5 at 8.)

Upon thorough review of the record in this matter and the parties' filings, the court finds that Stuckey has not demonstrated that the PCR court, in concluding that counsel was not constitutionally ineffective, unreasonably misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1). Stuckey has failed to show that trial counsel was deficient in failing to move to quash the indictment, move for a continuance, or investigate any alleged alibi. Nor has he clearly shown that the PCR court's factual and credibility determinations were without support. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court

to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Finally, even assuming that trial counsel erred, Stuckey has failed to demonstrate that he was prejudiced. See Strickland, 466 U.S. at 687. Based on the record before the court, Stuckey cannot show that the outcome of the trial would have been different. For all of the above reasons, Stuckey is not entitled to federal habeas relief on this ground.

### iii. Ground Four

In Ground Four, Stuckey appears to contend that trial counsel was ineffective in misunderstanding his position on the State's plea offer. In support of this argument, Stuckey alleges that "counsel failed to clarify up until the day of trial if I wanted to accept plea offer." (Docket Entry 1 at 10.)

During the PCR hearing, Stuckey testified that trial counsel told him about plea negotiations a couple of days before trial and that she was trying to get something "in black and white." (App. at 282, Docket Entry 27-3 at 86.) Stuckey stated that trial counsel indicated that the plea negotiations involved dropping some of the charges and a proposed sentence of fifteen years. (App. at 283, Docket Entry 27-3 at 87.) Stuckey testified that the plea was not discussed again. (App. at 292, Docket Entry 27-3 at 96.) Trial counsel testified that she reviewed with Stuckey the prosecutor's offer to permit Stuckey to plea to assault and battery of a high and aggravated nature, which is a misdemeanor with a ten-year maximum sentence, and as part of the agreement, the prosecutor would agree to drop all of Stuckey's remaining charges. (App. at 300, 313-14, Docket Entry 27-4 at 4, 18-19.) Trial counsel stated that the plea offer was a good deal since Stuckey was facing life without parole. (App. at 314, Docket Entry 27-4 at 18.) Trial counsel further testified that she encouraged Stuckey to take the plea offer and apprised him that he faced a sentence of life without parole, which

meant "the next time he would see the light of day was in a pine box," but Stuckey declined the plea offer and wanted to take his chances at trial. (App. at 301, 314-15, Docket Entry 27-4 at 5, 18-19.)

As stated above, the PCR court found trial counsel's testimony credible and found that Stuckey's testimony lacked credibility. (Supp. App. at 3, Docket Entry 27-5 at 5.) The PCR court summarized the testimony presented and held that Stuckey "failed to show that counsel's performance was deficient or that he was prejudiced by counsel's performance." (Supp. App. at 6, Docket Entry 27-5 at 8.)

Upon thorough review of the record in this matter and the parties' filings, the court finds that Stuckey has not demonstrated that the PCR court, in concluding that counsel was not constitutionally ineffective, unreasonably misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1). Stuckey has failed to show that trial counsel was deficient in any manner with regard to the plea offer and, as stated above, he has not clearly shown that the PCR court's factual and credibility determinations were without support. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Accordingly, Stuckey cannot show that counsel's performance fell below an objective standard of reasonableness and Stuckey cannot meet the standard enunciated under Strickland. Strickland, 466 U.S. at 687. Therefore, Stuckey is not entitled to federal habeas relief on Ground Four.

### 4. Prosecutorial Misconduct

In Ground Three, Stuckey asserts a claim of prosecutorial misconduct. Specifically, Stuckey contends that the prosecutor failed to send the discovery materials to his trial counsel. In support of this argument, Stuckey points to the trial transcript where trial counsel states that she was served

with a discovery package on the drug count. (See App. at 238-39, Docket Entry 27-3 at 42-43.) However, a review of the PCR hearing provides additional insight into this statement. Trial counsel testified that she was personally served with the discovery materials on the drug count; however, the discovery materials on the lynching and the kidnapping were served on prior counsel, which were included in trial counsel's file in this case. Trial counsel stated that there was no question that she possessed these materials because several pages of her trial preparation notes relied upon the discovery materials. (App. at 307, Docket Entry 27-4 at 11.) Accordingly, this claim is without support and Stuckey cannot demonstrate that he is entitled to relief.[6]

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondents' motion for summary judgment (Docket Entry 26) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 8, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[6] Included with the supporting facts for Ground Three, Stuckey states "violation 6th Ad." (Docket Entry 1 at 8.) To the extent Stuckey is attempting to allege that trial counsel was ineffective in failing to review the discovery materials with him, Stuckey fails to provide any support for this contention. Moreover, at the PCR hearing trial counsel specifically stated that she reviewed these materials with Stuckey. (App. at 312, Docket Entry 27-4 at 16.) Accordingly, Stuckey has failed to demonstrate that trial counsel's performance was deficient and cannot meet the standard enunciated under Strickland. Strickland, 466 U.S. at 687.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).