

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

CASEY STUCKEY, §
        Petitioner, §
 §
vs. § CIVIL ACTION NO. 0:09-203-HFF-PJG
 §
STATE OF SOUTH CAROLINA and §
WARDEN, Lee Correctional Institution, §
        Respondents. §

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 8, 2010. Respondents filed objections to the Report on February 25, 2010, and the Clerk entered Petitioner's objections to the Report on March 11, 2010.

A. *Respondents' Objections*

In the Report, the Magistrate Judge considered and rejected the merits of Petitioner's arguments. In their Objections, Respondents argue that the Magistrate Judge should have addressed the issue of procedural default before reaching the merits.

The Supreme Court has issued the following guidance on this issue:

> We do not mean to suggest that the procedural bar issue must invariably be resolved first; only that it ordinarily should be. Judicial economy might counsel giving the [*Teague* question of retroactivity] priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural bar issue involved complicated issues of state law.

*Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

In reviewing this case, it does not appear that the question of procedural default is a difficult one. Therefore, the Court will consider the question of whether Petitioner procedurally defaulted on his claims in state court and is, therefore, barred from asserting those claims here.

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene*, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In South Carolina, the established appellate review process consists of two possible avenues. The first avenue is through direct appeal and, pursuant to state law, a petitioner is required to state all his grounds in that appeal. S.C. App. Ct. Rule 208(b)(1)(B) (setting forth requirements for initial appellate briefs). The second avenue is by filing an application for post-conviction relief (PCR). *See* S.C. Code Ann. § 17-27-10 et seq. (setting forth South Carolina's post-conviction procedure act). A PCR applicant is also required to state all of his grounds for relief in his application. *See* S.C. Code Ann. § 17-27-90 (noting that all grounds for relief must be raised in first application and, correspondingly, barring successive applications unless certain conditions are met).

In this case, Petitioner, through his appellate counsel, raised one issue in his direct appeal: Whether the trial court erred in refusing to grant a directed verdict to second degree lynching? (PCR App'x 246.) The South Carolina Court of Appeals dismissed the appeal. (Return to Pet. Ex. 6.)

Petitioner then filed a PCR on April 15, 2005, asserting claims of ineffective assistance of counsel and prosecutorial misconduct. (PCR App'x 257.) This was followed by an amended PCR application on January 12, 2006, in which Petitioner asserted numerous claims, which were summarized by the Magistrate Judge as follows:

1) Guilty plea was unlawfully induced due to the trial court's lack of subject matter jurisdiction.
2) The Indictment of charges failed to allege the essential elements of the crime allegedly committed by Stuckey.
3) Trial counsel was ineffective for numerous reasons, including by failing to
   a) "ascertain[] that there were proper investigatory techniques;"
   b) investigate a valid alibi;
   c) permit Stuckey to "voice his concerns" in regards to the charges;
   d) move to dismiss the indictment or move for a continuance; and

3

     e)  consult with Stuckey before trial about additional charges.
   4)  Ineffective Assistance of Appellate Counsel.

(Report 3.) The PCR Court rejected these arguments in a written order of dismissal dated May 22, 2006. (PCR Supp. App'x.)

  Petitioner, through his attorney, appealed the denial of his PCR, and counsel's *Johnson* Petition raised only one issue: "Trial counsel erred in misunderstanding petitioner's position on the state's plea offer in the case." (Return to Pet. Ex. 8 at 3.) The Supreme Court of South Carolina mailed a letter to Petitioner informing him of his right to file a pro se response to counsel's petition. (Return to Pet. Ex. 8 at 9.) However, Petitioner failed to file a response, and the court denied the petition for certiorari. (Return to Pet. Ex. 8 at 9.)

  Both the dismissal of the direct appeal and the denial of the petition for certiorari regarding his PCR appeal were summary orders, in which the court noted that it had reviewed the entire record in accordance with the procedures set forth in *Anders v. California*, 386 U.S. 738, 744 (1967). Thus, it is unclear whether the orders were based on an adequate and independent state ground or whether they were interwoven with federal law. Applying the procedure for examining summary denials set forth in *Wilson v. Moore*, 178 F.3d 266, 273-274 (4th Cir. 1999), the Court concludes that the denials in this case were interwoven with federal law because one issue concerned whether trial counsel was constitutionally ineffective and the other involved a question of federal due process. *See* PCR App'x 248 (basing directed verdict argument on federal law). Therefore, Plaintiff has fully exhausted two issues and those two issues may be considered, if asserted in Petitioner's habeas petition.

  Petitioner raised four grounds for relief in his habeas petition:

> **Ground One**: Trial court erred in refusing to grant a directed verdict to second degree lynching.
>> **Supporting Facts**: A violation of fourteenth amendment due process. I was found not guilty for the principle charge, and found guilt of second degree lynching. It was not enough evidence to prove guilt beyond a reasonable doubt dealing with the existence of the offense. P. 234-235 (Trial Trans.) Inconsistent verdict.
>
> **Ground Two**: Ineffective Assistance of Counsel.
>> **Supporting Facts**: For not asking to squash indictment. For not asking to/for continuance. Fell under reasonable standard. Violated 14th Amendment Due Process & Six Admendment effective assistance . . . of counsel. Failure to investigate a valid alibi. Prosecuter misconduct - failure to send material to trial attorney.
>
> **Ground Three**: Prosecuter failed to send material to attorney.
>> **Supporting Facts**: Trial transcript. Trail counsel stated that she was never served with Discovery Package. (Page 238 & 239) Line 25-12. How could we prepare fully. PCR hearing transcript she fully does not know for sure. (Pg. 32 Line 24). She states - * I belive I prepared this before our meeting. (P. 331-7) violation 6th Am.
>
> **Ground Four**: Trial counsel erred in misunderstanding Petitioner's position on the States plea offer in the case.
>> **Supporting Facts**: The counsel failed to clarify up until the day of trial if I wanted to accept plea offer. App. p. 301, lines 2-4 & App. p. 282 Line 7 - p. 283 Line 11. Violation of Sixth and fourteenth Amendment. Writ of Certiorari.

(Report 4-5 (errors in original).)

Ground one, Petitioner's argument that the trial court erred in refusing to grant a directed verdict as to second degree lynching, was presented to the South Carolina Court of Appeals on direct appeal. Thus, Petitioner fully exhausted this issue in state court, and he is not precluded from raising it here. Similarly, the issue presented in ground four, that trial counsel erred in misunderstanding Petitioner's position on the state's plea offer, was heard by the PCR Court and was presented to the South Carolina Supreme Court in counsel's *Johnson* Petition. Thus, this claim is also properly before the Court.

5

The other issues presented in Petitioner's habeas petition, namely his assertion in ground two that trial counsel was ineffective and his claim of prosecutorial misconduct in ground three, were not presented to the State's highest court, and, thus, they are not fully exhausted. *See Woodford v. Ngo*, 548 U.S. 81, 92-93 (explaining relationship between exhaustion and procedural default when state-court remedies are no longer available). However, if Petitioner were to attempt to exhaust those issues in state court today, he would be barred from doing so because the time has long expired for appealing the denial of his first PCR, and he would be precluded from filing a successive PCR asserting the same issues. *See* S.C. App. Ct. Rule 243(b) (referring to time limitations for appeal in Rule 203, which provides that the notice of appeal shall be served within thirty days after receipt of written notice of judgment); *Alice v. State*, 305 S.C. 448, 450, 409 S.E.2d 392, 394 (S.C. 1991) ("[A]s long as it is possible to raise the argument in his first PCR application, an applicant may not raise it in a successive application."). Thus, because he is barred from raising those claims in state court, the Court will apply the procedural bar and preclude Petitioner from asserting those arguments here. *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (noting rule). Therefore, Petitioner is procedurally barred from arguing the second and third grounds for relief asserted in his Petition because he would be unable to raise those claims in state court.

Nonetheless, it is well-established that the procedural bar is not jurisdictional. *Trest v. Cain*, 522 U.S. 87, 89 (1997). One can overcome a procedural default if he demonstrates cause for the default and prejudice resulting from it or if he demonstrates that a fundamental miscarriage of justice will occur if his claims are not heard. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Coleman*, 501 U.S. at 750. In his response to Respondents' motion for summary judgment, Petitioner asserted that, if his claims are defaulted it is because his appellate counsel was ineffective in failing to raise the

6

proper issues. (Pet'r's Resp. to Summ. J. 3-4.) For reasons discussed below, counsel was not ineffective for failing to raise these claims on appeal because Petitioner's claims lack merit. But, even assuming that appellate counsel should have raised other issues on appeal, Petitioner fails to demonstrate prejudice resulting from counsel's failure. Therefore, the arguments presented in grounds two and three of Petitioner's Petition are procedurally barred, and the Court need not consider their merits.

However, as noted above, the Magistrate Judge proceeded to consider the merits of all four grounds asserted in the Petition and Petitioner provided detailed objections related to the merits of his arguments. Clearly, the Court must consider the merits of grounds one and four of Petitioner's petition as those claims were properly exhausted and depend, in part, on an interpretation of federal law. As an alternative to its holding that the issues presented in grounds two and three are procedurally barred, and primarily because the Magistrate Judge has already considered the merits of grounds two and three, the Court will also consider Petitioner's objections as they relate to the merits of those claims.

      *B.*    *Petitioner's Objections*

Petitioner filed numerous objections to the Magistrate Judge's Report. Those objections correspond to the four grounds for relief sought in his habeas petition, and each will be addressed in turn.

      <u>1.</u>    <u>Objections Related to Trial Court's Denial of a Directed Verdict as to Second Degree Lynching</u>

First, Petitioner attacks the Magistrate Judge's conclusion that his conviction on second degree lynching and kidnapping is inconsistent with his acquittal on the charges of assault and battery with intent to kill and possession of a weapon during the commission of a crime. (Pet'r's

Objections 2-3.) Petitioner devotes much of this argument to explaining how his conviction is inconsistent with his acquittal on two charges, but the Court need not decide that issue because consistent verdicts are not required. *See United States v. Powell*, 469 U.S. 57, 62 (1984) ("Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment.") (citation omitted). The cases Petitioner cites for an allegedly contrary position pre-date the *Powell* decision.

What is required is that a conviction be supported by the evidence. As set forth in the Report, the jury's verdict as to the second degree lynching and kidnapping counts was supported by the evidence. (Report 9-10.) Thus, Petitioner's objection related to the trial court's denial of a directed verdict as to second degree lynching is without merit.

In this portion of his Objections, Petitioner also contends that the trial judge erred in instructing the jury on the relevant charges. Specifically, Petitioner contends that the trial judge erred in instructing the jury that one could be guilty of assault and battery with intent to kill just by being present. (Trial Tr. 224-226.) The trial judge's instruction regarded the South Carolina doctrine referred to as the "hand of one is the hand of all" theory of accomplice liability. Under this theory, "one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose." *State v. Thompson*, 374 S.C. 257, 261-62, 647 S.E.2d 702, 704-05 (S.C. App. 2007).

As is evident from the discussion above, Petitioner's objection regarding the jury instruction relates to an issue of state criminal law. Such issues are inappropriate for consideration under the federal habeas statute. *See* 28 U.S.C. § 2254(a) (noting that writ issues to those held "in violation of the Constitution or laws or treaties of the United States."). Regardless, Petitioner is procedurally

8

barred from asserting this argument here because he failed to raise it in his direct appeal in connection with his challenge to the trial court's directed verdict. *See* PCR App'x 246-250 (containing Petitioner's argument as to the denial of a directed verdict on second degree lynching).

In short, Petitioner's objections related to ground one of his Petition are without merit.

### 2. Objections Related to the Alleged Ineffective Assistance of Trial Counsel

Next, Petitioner devotes a significant portion of his Objections to the Magistrate Judge's conclusion that his trial counsel was constitutionally effective. Specifically, he makes the following arguments:

(a) Trial counsel should have more extensively researched his case and the charges against him prior to trial. (Pet'r's Objections 5-6.)

(b) Trial counsel should have moved to quash the indictment because it was duplicitous. Further, trial counsel never showed Petitioner the indictment for lynching and kidnapping until the day of trial. (Pet'r's Objections 6-7.)

(c) Trial counsel should have moved for a continuance. (Pet'r's Objections 8.)

(d) Trial counsel failed to put up a defense, even when Petitioner had an alibi witness prepared to testify. (Pet'r's Objections 8-10.)

These same arguments were raised in Petitioner's PCR, and his trial counsel was asked about these issues during the PCR hearing. As to her research prior to trial, trial counsel explained that she was the third or fourth attorney to handle Petitioner's case. (PCR App'x 302.) She testified that she received discovery and case-related correspondence from Petitioner's former attorneys, and she also received additional discovery from the government. (PCR App'x 302, 306-07.) She

9

attested that she reviewed all of this information and explained it to Petitioner in light of her experience as a public defender (PCR App'x 302, 305-308.)

As to her failure to move to quash the indictment, trial counsel swore that she thoroughly explained the indictment to Petitioner, and, contrary to his allegations, he never expressed any surprise or concern over the presence of the kidnapping or lynching charges. (PCR App'x 302.) She explained that she failed to ask for a continuance because she did not believe Petitioner wanted one and also because she did not believe a continuance would be granted given her experience with this particular judge and the fact that one of Petitioner's prior attorneys had asked for a speedy trial. (PCR App'x 317-318.)

Trial counsel also explained in detail that she failed to present a defense because of Petitioner's extensive criminal history and because she wanted to have the final closing argument. (PCR App'x 303-04, 316.) She testified that she did not recall a conversation with Petitioner regarding an alibi witness, but if Petitioner had told her he had an alibi, then she would have moved for a continuance. (PCR App'x 301-302; 322-23.)

Petitioner's arguments regarding trial counsel's failure to present a defense, her failure to move to quash the indictment, and her failure to seek a continuance all involve questions of trial strategy. The Supreme Court has cautioned that "[b]ecause of the difficulties inherent in [evaluating counsel's performance], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Applying this guidance, the Court concludes that at the time of Petitioner's trial, counsel's decisions regarding the indictment,

the continuance, and Petitioner's defense could each be considered part of a sound trial strategy, namely one of picking one's battles with the trial court and attempting to present Petitioner in the most positive light to the jury. The issues surrounding trial counsel's research and Petitioner's alleged alibi witness involve credibility determinations, and the PCR judge who heard the testimony weighed the evidence and determined that trial counsel's version of events was more credible than Petitioner's. The Court presumes this factual finding to be correct and Petitioner has failed to overcome this presumption. *See* 28 U.S.C. § 2254(e)(1) (noting petitioner must overcome state court factual findings by clear and convincing evidence). In short, Petitioner's objections related to ground two of his Petition are without merit.

### 3. Objections Related to Alleged Prosecutorial Misconduct

Petitioner also objects to the Magistrate Judge's conclusion that his allegations of prosecutorial misconduct are without merit. Petitioner contends that the prosecutor failed to send discovery materials to trial counsel. However, as discussed in the Report and explained by Petitioner's trial counsel at the PCR hearing, trial counsel had possession of all the discovery materials. (Report 15-16; PCR App'x 306-307.) Again, the PCR court's factual finding of credibility on this issue is entitled to deference. 28 U.S.C. § 2254(e)(1). Thus, Petitioner's objections as to prosecutorial misconduct are without merit.

### 4. Objections Regarding Trial Counsel's Alleged Ineffectiveness as to the State's Plea Offer

Petitioner also objects to the Magistrate Judge's conclusion that trial counsel provided effective representation regarding Petitioner's understanding of the plea offer. Petitioner argues that his attorney should have talked to him about the plea offer again on the day of trial and made sure that rejecting the plea offer and going to trial was something that he really wanted to do. (Pet'r's Objections 12-13.)

During the PCR hearing, trial counsel testified that she explained the plea offer to Petitioner in detail, but he insisted on going to trial. (PCR App'x 300-01.) Further, she explained to him that, given the charges he was facing, if he was convicted, then the next time he would see the light of day would be in a "pine box." (PCR App'x 301.) The PCR court weighed this testimony and found trial counsel's version to be more credible than Petitioner's. (PCR App'x 329-330.) Petitioner has failed to overcome the presumption of correctness applied to state court findings of fact, and, therefore, his objections related to ground four are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections and overrules Respondents' objections to the extent Respondents contend that grounds one and four of Petitioner's Petition are procedurally barred, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of March, 2010, in Spartanburg, South Carolina.

                                                  s/ Henry F. Floyd
                                                  HENRY F. FLOYD
                                                  UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.